UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DONALD DICKERSON,

Petitioner,

v.     6:08-cv-98

UNITED STATES OF AMERICA,

Respondent.

## ORDER

### I. Introduction

Donald Dickerson moved to vacate his sentence under 28 U.S.C. § 2255 on November 17, 2008. *See* Doc. 1. The Government filed a response brief on December 10, 2008. *See* Doc. 4. The Magistrate Judge recommended that the Court deny Dickerson's motion six months later, on June 17, 2009. *See* Doc. 5 (Report and Recommendation ("R&R")). This Court dismissed Dickerson's case and adopted the R&R on July 8, 2009. *See* Docs. 7, 8. Dickerson then filed a motion to reconsider, *see* Doc. 11, which this Court denied on April 13, 2010. *See* Doc. 13. The Court and the Government sent all correspondence to Dickerson at the Federal Correctional Institution in Petersburg, Virginia.

The matter is now before the Court on Dickerson's "MOTION TO VACATE JUDGMENT UNDER FED. R. CIV. P. 60b(1) and (6)," "MOTION FOR APPOINTMENT OF COUNSEL," and "APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT." *See* Docs. 14, 15, and 16. Dickerson asserts that he was never provided the opportunity to reply to the Government's response nor object to the Magistrate Judge's R&R. *See* Doc. 14. Because Dickerson is attacking the integrity of his § 2255 proceeding, rather than challenging his underlying conviction, his motion is properly treated as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). *See Saunders v. United States*, 380 F. App'x 959, 963-64 (11th Cir. 2010).

### II. Motion to Vacate Judgment

A case may be reopened on account of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct; (4) a void judgment; (5) a judgment that has been satisfied, released or discharged; or (6) any other reason that justifies relief. *See* FED. R. CIV. P. 60(b). Dickerson cites subsections (1), (2), and (6) in support of his motion. *See* Doc. 14. His 60(b)(1) and (2) arguments are time barred because Dickerson filed this motion over a year after the Court dismissed his case. *See* FED. R. CIV. P. 60(c)(1); Docs. 7, 14. "[R]elief under [60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *See Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

Dickerson cites his February 5, 2010 "Motion for Reconsideration" as proof that the Court knew he was not in Petersburg, Virginia, where it sent its Orders. *See* Doc. 14 at 3. However, the envelope in which

Dickerson sent that motion bears a return address from Petersburg, Virginia. *See* Doc. 11 at 4.

"Each attorney and *pro se* litigant has a continuing obligation to apprise the Court of any address change." L.R. 11.1; *see also Westin v. St. Petersburg Police Dep't*, 2010 WL 3154096, at *1 n.4 (M.D. Fla. Aug. 9, 2010). The docket does not include any notices of changes of address from Dickerson. Regardless of where Dickerson was during the pendency of his civil case, his Motion to Vacate Judgment, *see* Doc. 14, is ***DENIED***.

The envelopes containing Dickerson's most recent filings all bear the address of the Federal Medical Center in Butner, North Carolina and accordingly, the clerk's office has updated Dickerson's address and will send all correspondence to that address.

### III. Appointment of Counsel

Dickerson has no constitutional right to counsel in his § 2255 proceeding, *see Saunders*, 380 F. App'x at 964, and his case is closed. His Motion for Appointment of Counsel, *see* Doc. 15, is ***DENIED***.

### III. *In Forma Pauperis*

Dickerson's final filing is an "APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT." It is unclear what he is requesting with this application as his case with this Court is closed and this Court has already denied his application to proceed *in forma pauperis* on appeal. *See* Docs. 5 at 18, 6. Insofar as this application requests further reconsideration of that decision, *see* Docs. 11, 13, it is ***DENIED***.

### IV. Conclusion

Dickerson's "MOTION TO VACATE JUDGMENT UNDER FED. R. CIV. P. 60b(1) and (6)," Doc. 14, "MOTION FOR APPOINTMENT OF COUNSEL," Doc. 15, and "APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT," Doc. 16, are ***DENIED***.

This 1st day of February 2011.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2