UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DONALD DICKERSON,

Petitioner,

v.                    6:08-cv-98

UNITED STATES OF AMERICA,

Respondent.

## ORDER

## I. INTRODUCTION

Donald Dickerson moved to vacate his sentence under 28 U.S.C. § 2255 on November 17, 2008. *See* Doc. 1. The Government filed a response brief on December 10, 2008. *See* Doc. 4. The Magistrate Judge recommended that the Court deny Dickerson's motion six months later, on June 17, 2009. *See* Doc. 5 (Report and Recommendation ("R&R")). This Court dismissed Dickerson's case and adopted the R&R on July 8, 2009. *See* Docs. 7, 8. Dickerson filed a motion to reconsider, *see* Doc. 11, which this Court denied on April 13, 2010. *See* Doc. 13.

Dickerson then filed a "Motion to Vacate Judgment Under FED R. CIV. P. 60b(1) and (6)," *see* Doc. 14, "Motion for Appointment of Counsel," *see* Doc. 15, and "Application to Proceed Without Prepayment of Fees and Affidavit," *see* Doc. 16.

Dickerson's Motion to Vacate asserted that he was not provided the opportunity to reply to the Government's response nor object to the Magistrate Judge's R&R

because these documents were not sent to the proper address. *See* Doc. 14. The Court denied the motion because it was Dickerson's duty to apprise the Court of any address change. *See* Doc. 19; *see also* L.R. 11.1; *Westin v. St. Petersburg Police Dep't*, 2010 WL 3154096, at *1 n.4 (M.D. Fla. Aug. 9, 2010).

The Court denied Dickerson's "Motion for Appointment of Counsel," *see* Doc. 15, because he had no constitutional right to counsel in his § 2255 proceeding, *see* *Saunders*, 380 F. App'x at 964, and his case was already closed. *See* Doc. 19.

The Court construed Dickerson's "Application to Proceed Without Prepayment of Fees and Affidavit," *see* Doc. 16, as a motion for reconsideration of the Court's denial of Dickerson's ability to appeal *in forma pauperis* ("IFP"). *See* Doc. 19. The Court denied reconsideration because there remained no non-frivolous issues to raise on appeal. *See* Doc. 5 at 18; Doc. 7, Doc. 19.

Dickerson has appealed this Court's Order that denied the above motions. *See* Doc. 20. The Court construes Dickerson's notice of appeal as a request for a Certificate of Appealability ("COA"). *See Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997).

## II. ANALYSIS

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *see* 28 U.S.C. § 2253(c). The Court will issue a COA "where a petitioner has made a substantial

showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336. Dickerson "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (internal quotations omitted).

Reasonable jurists could not so debate the Court's denial of Dickerson's post-judgment motions. Dickerson's failure to update the Court with his address does not qualify him for Federal Rule of Civil Procedure 60(b)(6)'s extraordinary remedy. *See* Doc. 19. He had no right to the counsel requested. *See id*. Dickerson did not present any arguments showing the Court why it should reconsider its denial of his ability to appeal IFP. *See* Doc. 16.

## III. CONCLUSION

Dickerson's implied motion for a COA, *see* Doc. 20, is ***DENIED***. Because his appeal is not taken in good faith, he may not appeal from these orders IFP. *See* FED. R. APP. P. 24(a)(3).

This 24th day of March 2011.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA